DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------X

EMELINA MERCADO BAIRES, JOSE DANIEL CASTILLO, WALTER EDENILSO ESCALANTE CORADO, JORGE ADOLFO GARCIA HERNANDEZ, CARLOS ARTURO ZETINO MELGAR, ARTURO HERNANDEZ VILLANUEVA, JOSE MARTIN ALVARADO VELASCO, JOSE BELMER ALVARADO VELASCO, MARTIR HIREN VILLANUEVA, and WILFREDO MELENDEZ QUINTERO, individually, and on behalf of others similarly situated,

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) AND RULE 23 CLASS ACTION**

**ECF Case**

*Plaintiffs*,

-against-

H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC.

*Defendants.*

------------------------------------------------------X

Emelina Mercado Baires ("Plaintiff Baires" or "Ms. Baires") ,Jose Daniel Castillo ("Plaintiff Castillo" or "Mr. Castillo") Walter Edenilso Escalante Corado ("Plaintiff Corado" or "Mr. Corado"), Jorge Adolfo Garcia Hernandez ("Plaintiff Garcia" or "Mr. Garcia"), Carlos Arturo Zetino Melgar ("Plaintiff Melgar" or "Mr. Melgar"), Jose Martin Alvarado Velasco ("Plaintiff Martin Velasco" or "Mr. Martin Velasco"), Jose Belmer Alvarado Velasco ("Plaintiff Belmer Velasco" or "Mr. Belmer Velasco"), Arturo Hernandez Villanueva ("Plaintiff Hernandez Villanueva" or "Mr. Hernandez Villanueva"), Martir Hiren Villanueva ("Plaintiff Hiren Villanueva" or "Mr. Hiren Villanueva"), Wilfredo Melendez Quintero ("Plaintiff Quintero" or "Mr. Quintero") (collectively Plaintiffs), individually and on behalf of others similarly situated,

by and through their attorney DANIEL TANNENBAUM, ESQ., and as against H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. ("Defendant Corporations")(collectively, "Defendants"), allege as follows:

## NATURE OF ACTION

1.    Plaintiffs are former employees of Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC.

2.    Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. own, operate, or control a supermarket located at 46-40 Francis Lewis Blvd, Queens, NY 11361.

3.    Plaintiffs were employees of Defendants.

4.    Plaintiff Baires was employed in the meat department in Bayside, NY.

5.    Plaintiff Castillo was employed in the maintenance department in Bayside, NY.

6.    Plaintiff Corado was employed in the grocery department in Bayside, NY.

7.    Plaintiff Garcia was employed in the frozen foods department in Bayside, NY.

8.    Plaintiff Melgar was employed in the frozen foods department in Bayside, NY.

9.    Plaintiff Martin Velasco was employed in the produce department in Bayside, NY.

10.   Plaintiff Belmer Velasco was employed in the meat department in Bayside, NY.

11.   Plaintiff Hernandez Villanueva was employed in the frozen foods department in Bayside, NY.

12.   Plaintiff Hiren Villanueva was employed in the meat department in Bayside, NY.

13.   Plaintiff Quintero was employed in the meat department in Bayside, NY.

14.   At all times relevant to this Complaint, Plaintiffs worked for Defendants in excess of 40 hours per week without appropriate overtime compensation for the hours worked.

15.   Rather, Defendants failed to maintain accurate record keeping of the hours worked and failed to pay Plaintiffs appropriately for hours worked.

2

16.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

17.     Defendants' conduct extended beyond Plaintiffs to all other similarly situated employees.

18.     Plaintiffs now bring this action on behalf of themselves, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y. Labor Law §190 et seq. and 650 et seq. (the NYLL), overtime wage orders of the New York Commissioner of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, §146-1.6 (herein the spread of Hours Wage Order), including applicable liquidated damages, interest, attorneys' fees and costs.

19.     Plaintiffs now bring this action as a Rule 23 class action and seek certification of this action as a collective action on behalf of themselves, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

21.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district and Defendants operate a facility located in this district. Further, Plaintiffs were employed by Defendants in this district.

22.     Plaintiffs now bring this action for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §201 et seq. (FLSA), and for violations of the N.Y.

Labor Law §190 et seq. and 650 et seq. (the NYLL), including applicable liquidated damages, interest, attorneys' fees and costs.

**PARTIES**

*Plaintiffs*

23.  Plaintiff Baires is an adult individual residing in Queens County, New York.

24.  Plaintiff Castillo is an adult individual residing in Nassau County, New York.

25.  Plaintiff Corado is an adult individual residing in Queens County, New York.

26.  Plaintiff Garcia is an adult individual residing in Queens County, New York.

27.  Plaintiff Melgar is an adult individual residing in Nassau County, New York.

28.  Plaintiff Martin Velasco is an adult individual residing in Queens County, New York.

29.  Plaintiff Belmer Velasco is an adult individual residing in Queens County, New York.

30.  Plaintiff Hernandez Villanueva is an adult individual residing in Queens County, New York.

31.  Plaintiff Hiren Villanueva is an adult individual residing in Queens County, New York.

32.  Plaintiff Quintero is an adult individual residing in Queens County, New York.

33.  Plaintiff Baires was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART from approximately July, 2015 until on or about November, 2021.

34.  Plaintiff Castillo was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART from approximately August 18, 2017 until on or about November, 2021.

35.	Plaintiff Corado was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. from approximately October 2013 until on or about November 2021.

36.	Plaintiff Garcia was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. from approximately September 2018 until on or about November 2021.

37.	Plaintiff Melgar was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. from approximately May 2017 until on or about November, 2021.

38.	Plaintiff Martin Velasco was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. from approximately April 2013 until on or about November, 2021.

39.	Plaintiff Belmer Velasco was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. from approximately June 2014 until on or about November, 2021.

40.	Plaintiff Hernandez Villanueva was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. from approximately April, 2020 until on or about November, 2021.

41.	Plaintiff Hiren Villanueva was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. from approximately November, 2019 until on or about November, 2021.

42.	Plaintiff Quintero was employed by Defendants H MART BAYSIDE, LLC, H MART COMPANIES, INC., and H MART, INC. from approximately April, 2016 until on or about November, 2021.

43.     Plaintiffs' primary work location was at 46-40 Francis Lewis Blvd, Queens, NY 11361.

44.     Plaintiffs consent to being party plaintiffs pursuant to 29 U.S.C. § 216(b) and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

45.     At all relevant times, Defendants own, operate, or control a supermarket located at 46-40 Francis Lewis Blvd, Queens, NY 11361.

46.     Upon information and belief, H MART BAYSIDE, LLC, and H MART COMPANIES, INC., are domestic corporations existing under the laws of the State of New York.

47.     Upon information and belief, H MART, INC. is a foreign corporation existing under the laws of the State of Delaware.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

48.     Defendants operate a national supermarket chain operating in New York State.

49.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

50.     Defendants jointly employed Plaintiffs are Plaintiffs' employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

51.     In the alternative, Defendants constitute a single employer of Plaintiffs.

52.     At all relevant times, Defendants were Plaintiffs' employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiffs controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiffs' services.

53.     Upon information and belief, in each year from 2015 to 2021, Defendants had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

54.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the facility on a daily basis are goods produced outside of the State of New York.

55.     Upon information and belief Defendants offers food for human consumption at their Bayside H Mart location.

56.     Upon information and belief Defendants operate a food court for food consumption at their Bayside H Mart location.

57.     Upon information and belief Defendants offer food delivery from their Bayside H Mart location.

58.     Upon information and belief Defendants offers box lunches for human consumption at their Bayside H Mart location.

*<u>Plaintiffs</u>*

59.     Plaintiffs are former employees of Defendants.

60.     From approximately March 1, 2020 until April 30, 2021, Defendants paid all Plaintiffs a COVID differential rate of $2.00 per hour.

61.     Plaintiffs were also at times paid differential pay referred to as "premium pay" during their employment.

62.     Plaintiffs' overtime pay did not vary when required to work COVID or other premium pay shifts.

63.     Plaintiffs' were not paid one and one half their regular rate of pay as required by law.

64.    Plaintiff Baires was employed by Defendants from approximately July, 2015 until on or about November, 2021.

65.    Defendants employed Plaintiff Baires in the meat department.

66.    Plaintiff Baires regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

67.    From approximately July, 2015 until on or about November, 2021, Plaintiff Baires's schedule was approximately Tuesday through Sunday 7:30am to 5:00pm.

68.    Throughout her employment, Defendants paid Plaintiff Baires her wages by check or direct deposit.

69.    Defendants paid Ms. Baires at or slightly above the NYS minimum wage rate.

70.    Defendants did not provide Plaintiff Baires an accurate statement of wages, as required by NYLL 195(3).

71.    Defendants did not give notice to Plaintiff Baires in English, and in her primary language, of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

72.    Defendants did not pay Plaintiff Baires one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Baires's spread of hours exceeded ten hours.

73.    Defendants did not pay uniform maintenance pay to Plaintiff Baires.

74.    Defendants did not launder required uniforms free of charge and with reasonable frequency, ensure the availability of an adequate supply of clean, properly-fitting uniforms, or inform her individually in writing of such service.

*Plaintiff Jose Daniel Castillo*

75.     Plaintiff Castillo was employed by Defendants from approximately August 2017, until on or about November, 2021.

76.     Defendants employed Plaintiff Castillo as a maintenance worker.

77.     Plaintiff Castillo regularly handled goods in interstate commerce, such as tools, materials, and other supplies produced outside the State of New York.

78.     From approximately August 2017, until on or about November, 2021, Plaintiff Castillo's schedule was approximately Monday and Wednesday 11am to 8pm; Thursday 8am to 6pm; Friday, Saturday, and Sunday 11am to 7pm.

79.     Throughout his employment, Defendants paid Plaintiff Castillo his wages by check or direct deposit.

80.     Defendants paid Mr. Castillo at or slightly above the NYS minimum wage rate.

81.     Defendants did not provide Plaintiff Castillo an accurate statement of wages, as required by NYLL 195(3).

82.     Defendants did not give notice to Plaintiff Castillo in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

83.     Defendants did not pay Plaintiff Castillo one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Castillo's spread of hours exceeded ten hours.

84.     Defendants did not pay uniform maintenance pay to Plaintiff Castillo.

85.     Defendants did not launder required uniforms free of charge and with reasonable frequency, ensure the availability of an adequate supply of clean, properly-fitting uniforms, or inform him individually in writing of such service.

*Plaintiff Walter Edenilso Escalante Corado*

86.     Plaintiff Walter Edenilso Escalante Corado was employed by Defendants from approximately October, 2013 until on or about November, 2021.

87.     Defendants employed Plaintiff Corado in the grocery department.

88.     Plaintiff Corado regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

89.     From approximately October, 2013 until on or about November, 2021, Plaintiff Corado's schedule was approximately 7:00 a.m. until on or about 5:00 p.m., Monday to Saturday.

90.     Throughout his employment, Defendants paid Plaintiff Corado his wages by check or direct deposit.

91.     Defendants paid Mr. Corado at or slightly above the NYS minimum wage rate.

92.     Defendants did not provide Plaintiff Corado an accurate statement of wages, as required by NYLL 195(3).

93.     Defendants did not give notice to Plaintiff Corado in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

94.     Defendants did not pay Plaintiff Corado one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Corado's spread of hours exceeded ten hours.

95.     Defendants did not pay uniform maintenance pay to Plaintiff Corado.

96.     Defendants did not launder required uniforms free of charge and with reasonable frequency, ensure the availability of an adequate supply of clean, properly-fitting uniforms or inform him individually in writing of such service.

### *Plaintiff Jorge Adolfo Garcia Hernandez*

97.     Plaintiff Jorge Adolfo Garcia Hernandez was employed by Defendants from approximately September, 2018 until on or about November, 2021.

98.     Defendants employed Plaintiff Garcia in the frozen foods department.

99.     Plaintiff Garcia regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

100.    From approximately September, 2018 until on or about November, 2021, Plaintiff Garcia's schedule was approximately 8:30 a.m. until on or about 5:30 pomp, Sunday, Monday, Wednesday, Thursday, Friday and Saturday.

101.    Throughout his employment, Defendants paid Plaintiff Garcia his wages by check or direct deposit.

102.    Defendants paid Mr. Garcia at or slightly above the NYS minimum wage rate.

103.    Defendants did not provide Plaintiff Garcia an accurate statement of wages, as required by NYLL 195(3).

104.    Defendants did not give notice to Plaintiff Garcia in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

105.    Defendants did not pay Plaintiff Garcia one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Garcia's spread of hours exceeded ten hours.

106.    Defendants did not pay uniform maintenance pay to Plaintiff Garcia.

107.    Defendants did not launder required uniforms free of charge and with reasonable frequency, ensure the availability of an adequate supply of clean, properly-fitting uniforms or inform him individually in writing of such service.

*Plaintiff Carlos Arturo Zetino Melgar*

108.    Plaintiff Carlos Arturo Zetino Melgar was employed by Defendants from approximately May 2017 until on or about November, 2021.

109.    Defendants employed Plaintiff Melgar in the frozen foods department.

110.    Plaintiff Melgar regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

111.    From approximately May 2017 until on or about November, 2021 Plaintiff Melgar 's schedule was Monday to Saturday from approximately 8:30am to 5:30pm.

112.    Throughout his employment, Defendants paid Plaintiff Melgar his wages by check or direct deposit.

113.    Defendants paid Mr. Melgar at or slightly above the NYS minimum wage rate.

114.    Defendants did not provide Plaintiff Melgar an accurate statement of wages, as required by NYLL 195(3).

115.    Defendants did not give notice to Plaintiff Melgar in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

116.    Defendants did not pay Plaintiff Melgar one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Melgar's spread of hours exceeded ten hours.

117.    Defendants did not pay uniform maintenance pay to Plaintiff Melgar.

118.    Defendants did not launder required uniforms free of charge and with reasonable frequency, ensures the availability of an adequate supply of clean, properly-fitting uniforms or inform him individually in writing of such service.

### *Plaintiff Jose Martin Alvarado Velasco*

119.    Plaintiff Jose Martin Alvarado Velasco was employed by Defendants from approximately April 2013 until on or about November, 2021.

120.    Defendants employed Plaintiff Martin Velasco in the produce department.

121.    Plaintiff Martin Velasco regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

122.     From approximately April 2013 until on or about November, 2021 Plaintiff Martin Velasco 's schedule was Sunday, Tuesday, Wednesday, Thursday, Friday, Saturday approximately 7:15am to 4:15pm.

123.     Throughout his employment, Defendants paid Plaintiff Martin Velasco his wages by check or direct deposit.

124.     Defendants paid Mr. Martin Velasco at or slightly above the NYS minimum wage rate.

125.     Defendants did not provide Plaintiff Martin Velasco an accurate statement of wages, as required by NYLL 195(3).

126.     Defendants did not give notice to Plaintiff Martin Velasco in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

127.     Defendants did not pay Plaintiff Martin Velasco one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Martin Velasco's spread of hours exceeded ten hours.

128.     Defendants did not pay uniform maintenance pay to Plaintiff Martin Velasco.

129.     Defendants did not launder required uniforms free of charge and with reasonable frequency, ensures the availability of an adequate supply of clean, properly-fitting uniforms or inform him individually in writing of such service.

### *Plaintiff Jose Belmer Alvarado Velasco*

130.     Plaintiff Jose Belmer Alvarado Velasco was employed by Defendants from approximately June 2014 until on or about November, 2021.

131.     Defendants employed Plaintiff Belmer Velasco in the meat department.

132.     Plaintiff Belmer Velasco regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

133.     From approximately June 2014 until on or about November, 2021 Plaintiff Belmer Velasco's schedule was Sunday, Tuesday, Wednesday, Thursday, Friday, Saturday from approximately 7:30am to 5:00pm.

134.     Throughout his employment, Defendants paid Plaintiff Belmer Velasco his wages by check or direct deposit.

135.     Defendants paid Mr. Belmer Velasco at or slightly above the NYS minimum wage rate.

136.     Defendants did not provide Plaintiff Belmer Velasco an accurate statement of wages, as required by NYLL 195(3).

137.     Defendants did not give notice to Plaintiff Belmer Velasco in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

138.     Defendants did not pay Plaintiff Belmer Velasco one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Belmer Velasco's spread of hours exceeded ten hours.

139.     Defendants did not pay uniform maintenance pay to Plaintiff Belmer Velasco

140.     Defendants did not launder required uniforms free of charge and with reasonable frequency, ensures the availability of an adequate supply of clean, properly-fitting uniforms or inform him individually in writing of such service.

*Plaintiff Arturo Hernandez Villanueva*

141.     Plaintiff Hernandez Villanueva was employed by Defendants from approximately April, 2020 until on or about November, 2021.

142.     Defendants employed Plaintiff Hernandez Villanueva in the frozen foods department.

143.     Plaintiff Hernandez Villanueva regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

144.     From approximately April, 2020 until on or about November, 2021, Plaintiff Hernandez Villanueva's schedule was Sunday, Monday, Tuesday, Wednesday, Thursday, Saturday from approximately 9:00am to 5:00pm.

145.     Throughout his employment, Defendants paid Plaintiff Hernandez Villanueva her wages by check or direct deposit.

146.      Defendants paid Mr. Hernandez Villanueva at or slightly above the NYS minimum wage rate.

147.     Defendants did not provide Plaintiffs an accurate statement of wages, as required by NYLL 195(3).

148.     Defendants did not give any notice to Plaintiffs in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

149.     Defendants did not pay Plaintiff Hernandez Villanueva one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Hernandez Villanueva's spread of hours exceeded ten hours.

150.     Defendants did not pay uniform maintenance pay to Plaintiff Hernandez Villanueva.

151.     Defendants did not launder required uniforms free of charge and with reasonable frequency, ensures the availability of an adequate supply of clean, properly-fitting uniforms;  and inform employees individually in writing of such service.

### *Plaintiff Martir Hiren Villanueva*

152.     Plaintiff Hiren Villanueva was employed by Defendants from approximately November, 2019 until on or about November, 2021.

153.     Defendants employed Plaintiffs in the meat department.

154.     Plaintiffs regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

155.     From approximately November, 2019 until on or about November, 2021 Plaintiff Hiren Villanueva's schedule was from approximately 8am to 5:30pm Sunday, Tuesday, Wednesday, Thursday, Friday and Saturday.

156.     Throughout his employment, Defendants paid Plaintiff Hiren Villanueva his wages by check or direct deposit.

157.     Defendants paid Mr. Hiren Villanueva at or slightly above the NYS minimum wage rate.

158.     Defendants did not give any notice to Plaintiff Hiren Villanueva in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

159.     Defendants did not provide Plaintiff Hiren Villanueva an accurate statement of wages, as required by NYLL 195(3).

160.     Defendants did not pay Plaintiff Hiren Villanueva one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Hiren Villanueva's spread of hours exceeded ten hours.

161.     Defendants did not pay uniform maintenance pay to Plaintiff Hiren Villanueva.

162.     Defendants did not launder required uniforms free of charge and with reasonable frequency, ensures the availability of an adequate supply of clean, properly-fitting uniforms or inform him individually in writing of such service.

*Plaintiff Wilfredo Melendez Quintero*

163.     Plaintiff Quintero was employed by Defendants from approximately April, 2016 until on or about November, 2021.

164.    Defendants employed Plaintiff Quintero in the meat department.

165.    Plaintiff Quintero regularly handled goods in interstate commerce, such as food, materials, and other supplies produced outside the State of New York.

166.    From approximately April, 2016 until on or about November, 2021, Plaintiff Quintero worked Sunday, Monday, Tuesday, Thursday, Friday, Saturday from approximately 8:00 am to 5:30 pm.

167.    Throughout his employment, Defendants paid Plaintiff Quintero his wages by check or direct deposit.

168.    Defendants paid Mr. Quintero at or slightly above the NYS minimum wage rate.

169.    Defendants did not provide Plaintiff Quintero an accurate statement of wages, as required by NYLL 195(3).

170.    Defendants did not give notice to Plaintiff Quintero in English, and in his primary language, of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

171.    Defendants did not pay Plaintiff Quintero one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Quintero's spread of hours exceeded ten hours.

172.    Defendants did not pay uniform maintenance pay to Plaintiff Quintero.

173.    Defendants did not launder required uniforms free of charge and with reasonable frequency, ensures the availability of an adequate supply of clean, properly-fitting uniforms or inform him individually in writing of such service.

*Defendants' General Employment Practices*

174.    At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiffs (and all similarly situated employees) to work in excess of 40

hours a week without paying them appropriate overtime compensation as required by federal and state laws.

175.    Plaintiffs were a victim of Defendants' common policy and practices which violate their rights under the FLSA and New York Labor Law by, *inter alia*, not paying them the wages owed for the hours worked.

176.    Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete payroll records.

177.    Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiffs worked, and to avoid paying Plaintiffs properly for their full hours worked.

178.    Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

179.    Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiffs (and all similarly situated employees).

180.    Defendants failed to provide Plaintiffs with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

## FLSA COLLECTIVE ACTION CLAIMS

181.     Plaintiffs brings their FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

182.     At all relevant times, Plaintiffs and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA.

183.     The claims of Plaintiffs stated herein are similar to those of the other employees.

## **FEDERAL RULE 23 CLASS ACTION ALLEGATIONS**

184.     Plaintiff sues on their own behalf and on behalf of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

185.     Plaintiff brings their New York Labor Law overtime, uniform maintenance pay, spread of hours pay and liquidated damages claims on behalf of all persons who are or were employed by Defendants in the State of New York, on or after the date that is six years before the filing of the complaint in this case, to entry of judgment in this case (the "Class Period").

186.     The persons in the Class are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and facts on which the calculation of that number are presently within the sole control of Defendants, there are approximately over sixty members of the Class during the Class Period.

187.     There are questions of law and fact common to the Class including but not limited to, the following:

- What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of wages for all hours worked;

- What were the policies, practices, programs, procedures, protocols and plans of Defendants regarding payment of overtime pay for all hours worked;

- Whether Defendants have failed and/or refused to pay Plaintiffs overtime at the premium rate within the meaning of the New York Labor Law;

- Whether Defendants have failed and/or refused to pay Plaintiffs uniform maintenance pay within the meaning of the New York Labor Law;

- Whether Defendants have failed and/or refused to pay Plaintiffs spread of hours pay within the meaning of the New York Labor Law;

- At what common rate, or rates subject to common methods of calculation, were and are Defendants required to pay the class members for their work; and

- What are the common conditions of employment and in the workplace, such as recordkeeping, clock-in procedures, breaks, and policies and practices that affect whether the class was paid at overtime rates for overtime work.

188.    The claims of the representative parties are typical of the claims of the class. Plaintiff and the other class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning non-payment of overtime, and non-payment of uniform maintenance pay. The job duties of the named Plaintiffs are typical of those of the class members.

189.    The representative party will fairly and adequately protect the interests of the Class and have no interests antagonistic to the class. The named Plaintiffs are represented by attorneys who are experienced and competent in both class action litigation and employment litigation.

190.     The common questions of law and fact predominate over questions affecting only individual members.

191.     A class action is superior to other available methods for fairly and efficiently adjudicating controversy, particularly in the context of wage and hour litigation, where individual plaintiffs lack the financial resources to prosecute a lawsuit in federal court against corporate defendants vigorously. The damages suffered by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

192.     Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole to pay Plaintiff (and the FLSA and Rule 23 Class members) at the applicable overtime rates in violation of 29 U.S.C. § 206(a).

193.     Defendants' failure to pay Plaintiffs (and the FLSA and Rule 23 Class members) at the applicable overtime rates is willful within the meaning of 29 U.S.C. § 255(a).

194.     Plaintiffs (and the FLSA and Rule 23 Class members) have been damaged in an amount to be determined at trial.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

195.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

196.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiffs (and the FLSA Class Members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for their employment.

197.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

198.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act 29 U.S.C. § 203 (r-s).

199.     Defendants, in violation of the Fair Labor Standards Act. 29 U.S.C. § 203 *et seq.*, failed to pay Plaintiffs' overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

200.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of the Fair Labor Standards Act.

201.     Plaintiffs were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS

## OF THE NEW YORK STATE LABOR LAW

202.     Plaintiffs (and the New York class) repeat and reallege all paragraphs above as though fully set forth herein.

203.     At all times relevant to this action, Defendants were Plaintiffs' employers within the meaning of the N.Y. Lab. Law § 2 and 651. Defendants had the power to hire and fire Plaintiffs, control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

204.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiffs overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

205.     Defendants' failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

206.     Plaintiffs were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING

## REQUIREMENTS OF THE NEW YORK LABOR LAW

207.     Plaintiffs (and the New York class) repeat and reallege all paragraphs above as though fully set forth herein.

208.     Defendants failed to provide Plaintiffs (and the New York class) with a written notice, in Spanish (or Plaintiffs' primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

209.     Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

210.     Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

211.     With each payment of wages, Defendants failed to provide Plaintiffs (and the New York class) with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed

as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

212.    Defendants are liable to Plaintiffs in the amount of $5,000 each, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS AND UNIFORM MAINTENANCE WAGE ORDERS
### OF THE NEW YORK COMMISSIONER OF LABOR

213.    Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

214.    Defendants failed to pay Plaintiffs (and the New York class) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiffs' spread of hours exceeded ten hours in violation of NYLL §§ 650 et seq. and 12 N.Y.C.R.R. §§ 146-1.6.

215.    Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs' spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

216.    Defendants required Plaintiffs (and the New York class) to wear a uniform at work.

217.    Defendant did not launder Plaintiffs (or the New York class) required uniforms, nor did Defendant offer to launder them.

218.    Plaintiff (and the New York class) uniforms were issued by Defendant for the express benefit of Defendant and it was a condition of their employment to wear them during each shift.

219.    Defendant never paid Plaintiffs (or the New York class) any uniform maintenance pay or reimbursement for the cost of maintaining uniforms.

220. The hourly rate paid by Defendant to Plaintiff (and the New York class) was either the applicable minimum wage, or a rate that although above the minimum wage was effectively below the minimum wage when calculating the unpaid uniform maintenance pay.

221. Plaintiffs (and the New York class) were damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Designating this action as a class action of a class of persons similarly situated under Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure and designating counsel of record as Class Counsel;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiffs and the FLSA Class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiffs' and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(a) Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiffs and the FLSA Class members;

(b) Awarding Plaintiffs and the FLSA Class members damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(c) Awarding Plaintiffs and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. §216(b);

(d) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiffs and the New York class;

(e) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiffs' and the New York class compensation, hours, wages and any deductions or credits taken against wages;

(f) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiffs and the New York class;

(g) Awarding Plaintiffs and the New York class damages for the amount of unpaid overtime compensation, uniform maintenance pay, as well as awarding spread of hours pay under the NYLL as applicable;

(h) Awarding Plaintiffs and the New York class damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §198(1-b), 198(1-d);

(i) Awarding Plaintiffs and the New York class liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL §663 as applicable; and liquidated damages pursuant to NYLL §198(3);

(j) Awarding Plaintiffs and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(k) Awarding Plaintiffs and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(l)      Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(m)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues triable by a jury.

Dated: New York, New York
      January 11, 2021

By: /s Daniel Tannenbaum
DANIEL TANNENBAUM, ESQ.
580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699
*Attorney for Plaintiffs*

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

December 14, 2021

TO:  Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Jose Daniel Castillo

Legal Representative / Abogado:    Daniel Tannenbaum, Esq.

Signature / Firma,

Date / Fecha:                     December 14, 2021



**Daniel Tannenbaum, Esq.**

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

December 14, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                    Arturo Hernandez Villanueva

Legal Representative / Abogado:    Daniel Tannenbaum, Esq.

Signature / Firma:    Arturo Hernandez

Date / Fecha:                    December 14, 2021

---

**Daniel Tannenbaum, Esq.**

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

December 14, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                    Walter Edenilso Escalante Corado

Legal Representative / Abogado:    Daniel Tannenbaum, Esq.

Signature / Firma:    WalterE

Date / Fecha:                    December 14, 2021

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1499

December 21, 2021

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar demanda como uno de los demandantes.)**

Name / Nombre:                    Muter Hurex Villanueva

Legal Representative / Abogado:   Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                     December 21, 2021



# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

December 21, 2021

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Carlos Arturo Zetino Melgar

Legal Representative / Abogado:    Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                     December 21, 2021

# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699

January 5, 2021

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                          Jorge Adolfo Garcia Hernandez

Legal Representative / Abogado:          Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                            January 5, 2021

**Daniel Tannenbaum, Esq.**

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

December 17, 2021

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                     Jose Martin Alvarado Velasco

Legal Representative / Abogado:    Daniel Tannenbaum, Esq.

Signature / Firma:

Date / Fecha:                      December 17, 2021

---

**Daniel Tannenbaum, Esq.**

580 Fifth Avenue, Suite 520
New York, New York 10036
Telephone: (212) 457-1699

January 7, 2022

TO: Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)

Name / Nombre:                     Jose Reiner Alvarado Velasco

Legal Representative / Abogado:    Daniel Tannenbaum, Esq.

Signature / Firma:                 Joye Belmer

Date / Fecha:                      January 7, 2022