# Daniel Tannenbaum, Esq.

580 Fifth Avenue, Suite 820
New York, New York 10036
Telephone: (212) 457-1699

September 7, 2022

BY ECF

Honorable Peggy Kuo
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, New York 11201

      Re: *Baires, et al. v. H Mart Bayside, LLC, et al.* Case No. 22-cv-00158 (DG)(PK)

Dear Judge Kuo:

      This office represents plaintiffs in the above referenced matter. Plaintiffs write to submit this letter setting forth their views on why the agreed upon settlement in this matter is fair.

      The parties have agreed to a negotiated settlement ("Agreement") after many discussions and arms length negotiation between the parties. A copy of the proposed Agreement is attached hereto as "Exhibit A." We therefore ask the Court to approve the settlement, pursuant to <u>Cheeks v. Freeport Pancake House</u>, Inc., 796 F.3d 199 (2d Cir. 2015).

      The parties respectfully ask the Court to retain jurisdiction for purposes of enforcement of this settlement if approved.

1. <u>Background</u>

      Plaintiffs filed their Complaint against Defendants alleging claims for unpaid overtime wages, unpaid spread of hours pay, unpaid uniform pay, liquidated damages, interest, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* (FLSA), the New York Minimum Wage Act, N.Y. Lab. Law § 650 *et seq.*, and the annual notice and wage statement requirements of the New York Labor Law (N.Y. Lab. Law. § 195).

      Plaintiffs allege that they were employed by Defendants as workers in the H Mart Bayside supermarket. Plaintiffs allege that Defendants maintained a policy and practice of requiring Plaintiffs to work, at times, in excess of forty hours per week without paying them the proper overtime compensation required by federal and state laws. Plaintiffs further allege that Defendants failed to provide them with proper spread of hours pay or uniform pay.

Defendants deny the allegations in the Complaint. Further, they affirmatively allege that inasmuch as Plaintiffs are covered by the Hospitality Wage Order, uniform maintenance pay is not required pursuant to the "wash and wear" exception.

2. **Settlement Terms**

Plaintiffs allege that they were entitled to back wages of approximately $344,086.51. The backwage amount includes Plaintiffs' allegations of unpaid uniform pay which Defendants strongly contested. A copy of Plaintiffs' damages chart, breaking down each amount sought from Defendants, is attached as "Exhibit B." The parties have agreed to settle this action for the total sum of $130,000. The settlement will be paid in a lump sum payment.

Under *Lynn's Food*, a court may approve a settlement where it "reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Information Networking Computing USA, Inc.*, No. 07 Civ. 0086, 2008 U.S. Dist. LEXIS 46174 at *2 (E.D.N.Y. June 12, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)); *see also Kopera v. Home Depot U.S.A., Inc.*, No. 09 Civ. 8337, 2011 U.S. Dist. LEXIS 71816, at *2 (S.D.N.Y. June 24, 2011) ("If the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved.").

Throughout the litigation, there were sharply contested factual and legal disputes that went to the heart of Plaintiffs' claims. Defendants were adamant that Plaintiffs are not entitled to uniform pay, and that they were paid properly for all hours worked. The Parties expressed interest in resolution of this matter without the burden of continued litigation.

Considering the risks in this case outlined above, Plaintiffs believe that this settlement is a fair result, and should be approved as fair. *See Meigel v. Flowers of the World, NYC, Inc.*, 2012 U.S. Dist. LEXIS 2359, at *2-3 (S.D.N.Y. Jan. 9, 2012) ("Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement. If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement.").

3. **Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, and in accordance with his retainer agreement with Plaintiffs, Plaintiff's counsel will receive $43,737.33 from the settlement fund as attorneys' fees and costs. This represents one third of the recovery in this litigation after costs (of $606.00) as agreed in Plaintiff's retainer agreement, which provides that one third of Plaintiff's recovery will be retained by the firm plus costs.

Plaintiff's counsel's lodestar in this case is $24,091.00. A copy of Plaintiff's billing record is attached as "Exhibit C." Mr. Daniel Tannenbaum's standard billing rates are $350 an hour. This matter involved regular communication with a large group of Plaintiffs and with opposing counsel. The issues involved in this case involved unique aspects related to regular rate of pay and uniform pay and the review of a voluminous production of documents.

The amount provided to Plaintiff's counsel under the settlement is fair and reasonable and well within the range of fees typically awarded in cases in this Circuit. *See Pinzon v. Jony Food Corp.*, No. 18-CV-105(RA), 2018 U.S. Dist. LEXIS 87424 (S.D.N.Y. May 24, 2018) (awarding a third, or 5.23 times the lodestar, in an early settlement and "recognizing the importance of encouraging the swift resolution of cases like this one and avoiding 'creat[ing] a disincentive to early settlement'—particularly where such settlement has provided Plaintiff with a substantial and speedy result." (quoting *Hyun v. Ippudo USA Holdings et al.*, No. 14-CV-8706 (AJN), 2016 U.S. Dist. LEXIS 39115, 2016 WL 1222347, at *3 (S.D.N.Y. Mar. 24, 2016); *Shapiro v. JPMorgan Chase & Co.*, No. 11-CV-7961 (CM), 2014 U.S. Dist. LEXIS 37872, 2014 WL 1224666, at *24 (S.D.N.Y. Mar. 21, 2014) ("Lodestar multipliers of nearly 5 have been deemed 'common' by courts in this District."); *Castaneda v. My Belly's Playlist LLC,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit."). In light of the nature of the issues herein and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiff's requested award is reasonable. *See Alleyne v. Time Moving & Storage Inc.*, 264 F.R.D. at 60; *see also McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 at *4 (E.D.N.Y. Sept. 19, 2013) ("Pursuant to plaintiff's retainer agreement with counsel, the fee is one-third of the settlement amount, plus costs. This fee arrangement is routinely approved by courts in this Circuit.").

When courts review contingency fee allocations, they use "the lodestar method…as a mere crosscheck, the hours documented by counsel need not be exhaustively scrutinized by the district court. Instead, the reasonableness of the claimed lodestar can be tested by the court's familiarity with the case." *Chambery v. Tuxedo Junction Inc.*, No. 12-cv-06539 EAW, 2014 U.S. Dist. LEXIS 101939, at *24 (W.D.N.Y. July 25, 2014) (quote and citation omitted). *See also Johnson v. Brennan,* 10 Civ. 4712 (CM), 2011 U.S. Dist. LEXIS 105775, at **43-44 (S.D.N.Y. Sep. 16, 2011), ("While courts still use the lodestar method as a 'cross check' when applying the percentage of the fund method, courts are not required to scrutinize the fee methods as rigorously.")

Given Plaintiffs' counsel's significant experience representing Plaintiffs in New York City in wage and hour litigation, Plaintiffs' counsel was able to obtain a good result with relatively low expense due to the parties' cooperative exchange of information and on-going negotiation.

A brief biography of the attorney who performed billed work in this matter is as follows:

Daniel Tannenbaum is the principal of the Law Office of Daniel Tannenbaum, Esq. He graduated Hofstra Law School in 2008, and is admitted to the New York Bar, New Jersey Bar, United States District Court, Southern District of New York and the United States District Court, Eastern District of New York. Since law school he has practiced labor and employment law and commercial litigation at a number of law firms. He is responsible for a regular caseload involving all aspects of the firm's employment docket in state and federal court.

      Should Your Honor have any questions or concerns regarding this settlement, the parties are happy to address them. The parties thank the Court for its attention to this matter.

                                     Respectfully submitted,

                                     /s/*Daniel Tannenbaum*
                                   Daniel Tannenbaum, Esq.
                                   Attorney for the Plaintiff

Enclosures